UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DANIELLE SHAPIRO**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-cv-2588 (TSC) |
| ) | |
| **HOWARD UNIVERSITY** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

In anticipation of the initial scheduling conference set for November 19, 2019 at 10:15 a.m. in Courtroom 9, the court ordered the parties to file a joint report pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 by November 13, 2019.  This matter has come before the court on Plaintiff's Motion for Appointment of Counsel (ECF No. 21, "Pl.'s Mot.").

In support of her motion, Plaintiff refers to her status as a *pro se* litigant proceeding *in forma pauperis* who, without "the same privilege of legal training and experience in litigation procedures," faces "a team of lawyers" representing defendant. Pl.'s Mot. ¶ 4. Discovery is expected to begin soon, and Plaintiff considers "[t]his . . . a critical period that is marked by complex procedures and rules" about which she lacks "the same privilege and legal training and experience" that a represented party has. *Id*. ¶ 5. She asserts that appointment of counsel is necessary "to allow this case to proceed on a fair and level playing field." *Id*. In addition to her request for *pro bono* counsel to represent her in this matter, *see id*. ¶¶ 3–4, Plaintiff asks to postpone the initial scheduling conference, *see id*. ¶ 6. Plaintiff represents that she has consulted

1

opposing counsel, who takes no position on the matter of appointment of counsel and consents to the postponement of the initial scheduling conference. *Id*.

"No civil litigant is 'guaranteed counsel.'" *Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir.) (quoting *Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001)), *cert. denied*, 552 U.S. 904 (2007). The court is, however, "authorized by statute to request an attorney to represent any person unable to afford counsel." *Id.* (quoting 28 U.S.C. § 1915(e)(1)). Under the Local Civil Rules of this court, an appointment is made taking into account four factors:

>  (i)   Nature and complexity of the action;
>  (ii)  Potential merit of the pro se party's claims;
>  (iii) Demonstrated inability of the pro se party to retain counsel by other means; and
>  (iv)  Degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

LCvR 83.11(b)(3).

Notwithstanding Plaintiff's lack of legal training, Plaintiff is well educated, having graduated from medical school. Plaintiff has proven herself capable of drafting a civil complaint, addressing legal arguments set forth in Defendant's motion to dismiss, and filing the instant motion in a timely manner and in accordance with the Local Civil Rules of this court. The scope and complexity of the case is considerably diminished, given the dismissal of all but one claim of retaliation. At this juncture the court declines to evaluate the potential merit of the sole remaining claim, and Plaintiff's motion does not provide sufficient information for determining the degree to which the appointment of counsel serves the interests of justice. Conspicuously absent from Plaintiff's motion is any mention of her efforts, if any, to find counsel on her own. After carefully reviewing Plaintiff's motion, the court determines that appointment of counsel is not warranted at this time.

It is hereby

ORDERED that Plaintiff's Motion for Appointment of Counsel [21] and her request to postpone the initial scheduling conference are DENIED WITHOUT PREJUDICE.

The Clerk shall mail a copy of this Order to:

>DANIELLE SHAPIRO
>2727 Central Avenue NE
>Washington, DC 20018

DATE: November 8, 2019           /s/
                                 TANYA S. CHUTKAN
                                 United States District Judge