## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANIELLE SHAPIRO**, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-cv-2588 (TSC) |
| **HOWARD UNIVERSITY, *et al.*,** | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Danielle Shapiro, proceeding *pro se*, brought this civil action against Howard University, her former employer, under Title VII of the Civil Rights Act.  On December 13, 2018, the court entered an Order, ECF No. 5, advising Plaintiff that any failure to follow the Federal Rules of Civil Procedure, the Local Civil Rules, or court Orders could result in dismissal of this action.

On September 30, 2019, the court issued a Memorandum Opinion and Order, ECF No. 19, granting in part and denying in part Defendant's Motion to Dismiss, ECF No. 11.  Only Plaintiff's retaliation claim remained.  In anticipation of an initial scheduling conference, by Minute Order on October 15, 2019, the court ordered the parties to submit a Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 by November 13, 2019.  Defendant documented its efforts to meet and confer, *see* Def. Notice of Good Faith Attempts to Meet and Confer for the Parties' Joint Rule 26(f) Report, ECF No. 23, and Plaintiff responded by requesting an extension of time so that she could seek legal counsel, *see* Mot. for Extension of Time, ECF No. 24.  The court granted Plaintiff's motion in part by minute order on November 15, 2019, setting the initial scheduling conference for December 18, 2019.  By that

1

time, however, the parties missed the November 13, 2019 deadline, and the court ordered them to file their report by December 16, 2019.

Based on the parties' agreed deadlines, *see* Joint Initial Report, ECF No. 25, on December 18, 2019, the court issued a Scheduling Order, ECF No. 26, which set July 7, 2020, as the close of discovery.  By minute order on June 4, 2020, the court granted the parties' consent motion to extend the discovery deadline to January 7, 2021.

Plaintiff filed a Motion for Referral to Mediation and Appointed Counsel for Scope and Purpose of Mediation, ECF No. 30, on January 21, 2020.  The court denied the motion without prejudice by minute order on January 24, 2020.  "Before filing any nondispositive motion in a civil action," the moving party must "discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement," yet Plaintiff failed to indicate in her motion that "the required discussion occurred" and "whether the motion [was] opposed."  Local Civil Rule 7(m).

Defendant filed a Notice of Service of Discovery, ECF No. 34, stating that it had propounded interrogatories, requests for production of documents, and requests for admissions on May 4, 2020.  Plaintiff did not respond to these written discovery requests, notwithstanding counsel's inquiries on August 6, 2020, August 28, 2020, and September 14, 2020.  *See* Def. Mem., ECF No. 36-1, at 24.  And it appears, based on Plaintiff's responses to counsel's inquiries, *see id.*, Exs. 14, 17, that Plaintiff does not intend to participate in discovery at all.  Consequently, Defendant has filed a Motion for Summary Judgment and/or Motion to Dismiss for Failure to Prosecute, ECF No. 36, and a Motion to Stay Discovery, ECF No. 38.

On November 24, 2020, the court issued an Order, ECF No. 39, directing Plaintiff to show cause in writing why the complaint and this civil action should not be dismissed under

Federal Rule of Civil Procedure 41(b) for failure to prosecute, and to explain her failure to respond to Howard's discovery requests.  Plaintiff was given until December 22, 2020 to respond and was advised that failure to timely respond would result in the dismissal of the complaint and this civil action with prejudice.

On January 7, 2021, Plaintiff sent an email to chambers and copied opposing counsel. The court did not entertain the email or the requests for relief set forth therein because the email did not comply with the court's December 13, 2018 Order, ECF No. 5, and with Local Civil Rule 5.1(a) ("[C]orrespondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing.").  In its January 11, 2021 Order, ECF No. 40, the court granted Plaintiff an extension of time to January 28, 2021, to respond to the November 24, 2020 Order to show cause.  The court further ordered Plaintiff to explain her failure to meet the December 22, 2020 deadline and to comply with this court's Local Civil Rules.

On January 27, 2021, Plaintiff sent an email to the Clerk of Court.[1]   Notwithstanding Plaintiff's failure to submit a document suitable for docketing as Local Civil Rule 5.1(d) requires ("Every document shall be typed (double spaced) using a standard 8 ½ by 11 inch word processing format (submitted electronically to the Court in PDF format) and shall contain a heading under the caption describing the nature of the document."), the court accepted Plaintiff's email and directed the Clerk of Court to convert it into .pdf format for docketing as her response to the court's November 24, 2020 and January 11, 2021 Orders.  *See* Pl. Resp., ECF No. 41. Although Plaintiff -- who completed medical school -- managed to meet the January 28, 2021

---

[1]  The Clerk of Court designated an email address (DCDml_Intake@dcd.uscourts.gov) for receipt *pro se* parties' filings during the coronavirus pandemic.

deadline, she provides no adequate explanation for her failure to comply with the court's Local Civil Rules and modified scheduling order.

Plaintiff blames her lack of CM/ECF access for her untimely receipt of the court's November 24, 2020 Order and her ignorance of the deadline set forth therein.  She states that she failed to meet her December 22, 2020 deadline because she "had not timely received the court's . . . order and was not aware of deadlines on time in order to meet them."  Pl. Resp. at 1.  She notes that, unlike opposing counsel, she does not enjoy the "same privilges [sic] to enter the courts [sic] electronic case filing system[.]"  *Id.*  But Plaintiff could have, and has not, requested a CM/ECF password which, if granted, would allow her to file documents and accept service of filings electronically.  *See* Local Civil Rule 5.4(b)(2).[2]  Without a CM/ECF password, Plaintiff "must be served with documents in paper form" at her address of record.  Local Civil Rule 5.4(e)(2); *see* Local Civil Rule 5.4(d).  Review of the docket reflects that the Clerk of Court sent a copy of the November 24, 2020, Order to Plaintiff's address of record, that Plaintiff has not filed a notice of change of address, and that no item has been returned by the United States Postal Service as undeliverable.

Plaintiff asserts, contrary to Defendant's representation, that she "has not refused to participate in discovery wihout [sic] good reason."  Pl. Resp. at 1-2.  She points to the current "global pandemic and public health emergency," *id.* at 1, as the bases for her inability to "move forward on matters," as "essential daily functions must take precedence and resources/access to resources are restricted," *id.* at 2.  Plaintiff neither identifies the resources presently unavailable

---

[2]  The court denied Plaintiff's request for a CM/ECF password, *see* February 1, 2019 Minute Order, because her motion did not comply with Local Civil Rule 5.4(b)(2) which sets out the requirements to support a *pro se* litigant's request for ECF access.

to her nor explains how pandemic-related restrictions impair her ability to conduct written discovery or participate in discovery via video conference.

In addition, Plaintiff appears to argue that her willingness to engage in alternative dispute resolution is a valid basis for ignoring her obligation to respond to Defendant's discovery requests.  *See id.*  She states that she "repeatedly implored opposing counsel to consider alternative dispute resolution while the time extensions and stays were in place."  *Id.*  Although Plaintiff asserts that "extensions and stays were agreed upon," *id.*, she offers no evidentiary support for her position.  The parties have not filed a motion to stay these proceedings or to extend discovery beyond the January 7, 2021, deadline set in the court's June 4, 2020, Minute Order.

Plaintiff also represents that the parties agreed to forego discovery while they engaged in settlement discussions.  "Plaintiff made no discovery requests of opposing counsel," and complains that she "did not receive follow up on any potential settlements."  *Id.*[3]  Instead, Plaintiff points to Defendant's purported failure to make an offer she deems satisfactory to explain why no discovery has taken place.  Actual or anticipated settlement discussions neither

---

[3]  In the parties' Joint Initial Report, ECF No. 25, Defendant expressed its willingness to explore "settlement . . . prior to commencing discovery," provided that Plaintiff had "realistic settlement expectations considering the [court on] September 30, 2019 dismissed Plaintiff's allegations that she was constructively discharged."  *Id.* ¶ 4.  At that time, Plaintiff had not "provide[d] a settlement demand . . . thus creating a roadblock to determine whether settlement is possible." *Id.*  Circumstances had not changed several weeks later when, Defendant explained, it asked Plaintiff to present "a reasonable settlement demand," which she did not provide.  Def. Stmt. in Opp. to Pl. "Re-Request" for Referral to Mediation and Appointment of Counsel, ECF No. 32, ¶ 3.  Defendant's counsel represented that, without a demand, Howard could not "make a determination as to whether mediation would be appropriate," *id.* ¶ 6, or "a productive use of [its] resources," *id.* ¶ 7.

alter the schedule set by the court nor excuse any party's failure to comply with court Orders and rules of civil procedure.

Lastly, Plaintiff "implores the court to reverse the decision to dismiss with prejudice." *Id.*[4]  She argues that dismissal "would be premature" without discovery, as the court would be resolving the case "without full and exhaustive consideration of fact[s] and any determinations would be unsupported by evidence." *Id.*  Further, Plaintiff notes that a dismissal with prejudice "would bar [her] from seeking judicial relief for claims against defendant in the future," when the case "could be litigated with the aid of an attorney . . . and when access to basic and legal resources is not so severely restricted as it is in the time of a global pandemic." *Id.*[5]

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [her] failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co*., 370 U.S. 626, 629 (1962).  "Since our system favors the disposition of cases on the merits, dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success." *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186 (D.C. Cir. 1985) (citations omitted).  In the circumstances of this case, it is unclear what "less dire alternative" might work. The court is mindful that the ongoing coronavirus pandemic presents myriad challenges.  These

---

[4]  To be clear, the court has *not* dismissed this case with prejudice, and the order accompanying this Memorandum Opinion is a dismissal *without* prejudice.

[5]  The court denied Plaintiff's first motion for appointment of counsel without prejudice.  *See* Order, ECF No. 22.  By Minute Order on December 18, 2019, the court took under advisement her motion for appointment of counsel for the limited purpose of mediation and directed Plaintiff to file a memorandum by January 17, 2020, in support of her motion, describing her effort to obtain counsel on her own.  On January 21, 2020, one business day late, Plaintiff listed the lawyers, law firms, law schools and nonprofit organizations she had contacted.  *See* ECF No. 30 at 3.  As Defendant did not consent to a referral to mediation, *see* ECF No. 32, the court denied Plaintiff's request, *see* Order, ECF No. 33 at 8, and advised the parties that, if <u>both</u> were willing to engage in settlement discussions with the assistance of a mediator or Magistrate Judge, they could file a <u>joint</u> motion at any time.  The parties have not made such a request.

challenges do not justify Plaintiff's complete refusal to engage in discovery.  Without Plaintiff's active participation, there can be no meaningful development of the facts of this case.  Plaintiff brought this case, and it remains her responsibility to pursue it.  Her action, or inaction, prejudices Defendant's ability to defend itself, causes Defendant to incur litigation expenses unnecessarily, and demonstrates Plaintiff's disregard for this court's Orders.  Meanwhile, on the court's docket remains a case with little prospect of timely and efficient resolution on the merits of the single remaining legal claim.

The court will deny Defendant's motions for summary judgment and to stay discovery, and will grant its motion to dismiss for failure to prosecute.  An Order is issued separately.

DATE: February 5, 2021                    /s/
                                          TANYA S. CHUTKAN
                                          United States District Judge